NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM KLAEHN, *et al.*,

Plaintiff-Appellants,

v.

CALI BAMBOO LLC, *et al.*,

Defendant-Appellees.

No. 21-55738

D.C. No. 3:19-cv-01498-TWR-KSC

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted May 13, 2022
San Francisco, California

Before: MURGUIA, Chief Judge, BUMATAY, Circuit Judge, and BAKER,**
International Trade Judge.

Plaintiff-Appellants, a putative class of purchasers of flooring sold by

Defendant-Appellee Cali Bamboo ("Cali"), appeal from the district court's dismissal

with prejudice of their third amended complaint, which asserts California Consumer

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and other state law claims, for failure to state a claim upon which relief can be granted. We have appellate jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court concluded that Plaintiffs lacked standing to bring CLRA claims of affirmative misrepresentations based on allegations as to which Plaintiffs failed to plead reliance. On appeal, Plaintiffs fail to challenge that determination. We therefore deem any claim of error waived.

The district court next analyzed the remaining allegations of affirmative misrepresentations as to which Plaintiffs pleaded reliance. It held that other than statements relating to a 50-year warranty or "guarantee[] to last 50 years," any remaining statements were non-actionable puffery. "[G]eneralized, vague[,] and unspecific assertions" are "mere 'puffery' upon which a reasonable consumer" may not rely. *Glen Holly Ent., Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). Puffery does not include "misdescriptions of specific or absolute characteristics of a product," *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (quoting *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990)), or "[a] specific and measurable advertisement claim of product superiority based on product testing," *id.* Plaintiffs' allegations that Cali represented its flooring as "durable" and "long lasting" therefore fail because such statements are puffery.

Citing *McAdams v. Monier, Inc.*, 105 Cal. Rptr. 3d 704 (Ct. App. 2010), Plaintiffs contend that the remaining representations that the flooring was "guaranteed to last 50 years" and "has a 50-year warranty" render the "long lasting" and "durable" representations deceptive. *McAdams*, however, did not address whether the warranty representation was false or whether other representations were puffery. Furthermore, Plaintiffs do not challenge the district court's determination that Cali's 50-year warranty representation itself is not actionable under the CLRA because a warranty is only a promise to replace or repair, not a promise of zero defects. Plaintiffs cannot bootstrap the "durable" and "long lasting" representations into anything more than puffery based on their non-actionable warranty claim.[1]

2. Plaintiffs also assert two theories for CLRA claims based on alleged fraudulent omissions. Omissions are actionable under the CLRA when they are "contrary to a representation actually made by the defendant" or are "of a fact the defendant was obliged to disclose." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (cleaned up) (quoting *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 126 (Ct. App. 2006)). On appeal, Plaintiffs contend that they adequately alleged both theories.

---

[1] While Plaintiffs asserted claims for breach of implied and express warranty, they have not appealed the district court's dismissal of those claims.

First, insofar as Plaintiffs' omission theory relies on the first prong of *Hodsdon*, it fails for the same reason that their affirmative misrepresentation claim fails. Because we affirm the district court's dismissal of Plaintiffs' affirmative misrepresentation claim as discussed above, we also affirm the district court's dismissal of the omission claim.

Second, Plaintiffs contend Cali knew of the alleged defect in its flooring and failed to disclose it. Under Fed. R. Civ. P. 9(b), a plaintiff must plead circumstances from which a court can plausibly infer the defendant's knowledge. So, the question here is whether Plaintiffs pleaded facts about the circumstances of the alleged defect that would allow us to infer that Cali knew about the defect *at the time of sale to Plaintiffs*. Plaintiffs contend Cali knew of the defect based on online complaints, warranty claims, and a 2019 change in warranty terms.

For any such evidence to demonstrate knowledge *at the time of purchase*, the evidence must show the defendant's knowledge predated the purchase. The district court therefore correctly rejected Plaintiffs' reliance on Cali's 2019 warranty amendments because the latest date on which any named Plaintiff purchased the Cali flooring was during April 2018. While Plaintiffs argue on appeal that a warranty modification "does not happen instantly," Plaintiffs fail to respond to the district court's finding that they offered nothing to support an inference that Cali must have known about the alleged defect *prior to April 2018*.

The district court also noted that only 12 of the customer complaints Plaintiffs cited plausibly predated the latest of Plaintiffs' purchases and only *two* predated the earliest such purchases. Plaintiffs now argue that their complaint collected "approximately 100 online complaints," that "several" of them pre-dated Plaintiffs' purchases, and that Cali responded to some of those. Plaintiffs also insist the online complaints "are of a volume and type where it is reasonable to infer that they would have put the defendants on notice." But the "volume and type" of the complaints are simply irrelevant if the complaints post-date the relevant purchases. Therefore, because Plaintiffs have failed to respond to the substance of the district court's conclusions, we affirm the district court's dismissal of their omissions-based claims based on the insufficiency of their allegations about Cali's knowledge.

3. Plaintiffs assert UCL claims, but all those claims rise or fall with their CLRA claims because some are predicated on prevailing under the CLRA and some are premised on the same conduct Plaintiffs claim violates the CLRA. Accordingly, we affirm the district court's dismissal of the UCL claims.

4. Plaintiffs' second amended complaint included a standalone count for "unjust enrichment." The district court dismissed that count without prejudice because California law does not recognize an independent cause of action for unjust

enrichment. Plaintiffs failed to reallege and reframe that claim in their third amended complaint and have therefore waived it.[2]

5. Similarly, the first amended complaint sought two forms of injunctive relief, but the district court dismissed those claims without prejudice because Plaintiffs failed "to plead facts that would support standing to seek injunctive relief"—"Plaintiffs do not allege that they plan to repurchase the product or are likely to be deceived by Cali's allegedly deceptive marketing in the future, so Plaintiffs have not shown there is any likelihood they will suffer future harm." While the district court granted leave to amend, Plaintiffs did not seek injunctive relief in either the second or third amended complaint. On appeal, Plaintiffs simply claim that it would have been "futile" to amend, but they offer no argument in support of that statement. Plaintiffs therefore failed to preserve their claims for injunctive relief.

6. Finally, the district court dismissed Plaintiffs' claims for UCL equitable relief because Plaintiffs failed to make any plausible allegation that they lacked an adequate remedy at law. On appeal, Plaintiffs argue that UCL remedies are cumulative to other remedies and the adequacy of remedies at law cannot be known until trial. But that is irrelevant. "[A] federal court must apply traditional equitable

---

[2] Unjust enrichment can be alleged to the extent it represents a remedy for some other valid cause of action. *See Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357 (Ct. App. 2003). But Plaintiffs failed to tie their unjust enrichment allegation to any other claim.

principles before awarding restitution under the UCL and CLRA." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020). "Under these principles, [a plaintiff] must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL . . . ." *Id.* at 844. Notably, the *Sonner* court observed that "the operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy." *Id.* Because Plaintiffs have not attempted to address the district court's finding about the inadequacy of their allegations, we deem that theory waived.

**AFFIRMED.**